UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PREPARED FOOD PHOTOS, INC., f/k/a
ADLIFE MARKETING & COMMUNICATIONS,
CO., INC.,

                                      Plaintiff,

v.

PARK PLACE RESTAURANT, LLC d/b/a
PARK PLACE SPORTS BAR & GRILL,

                                      Defendant.

Civil Case No.:
3:23-CV-170
(TJM/ML)

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION, PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE, TO DISMISS PLAINTIFF'S COMPLAINT

Daniel K. Cartwright, Esq.
Attorneys for Defendants
PARK PLACE RESTAURANT, LLC d/b/a
PARK PLACE SPORTS BAR & GRILL
4615 North Street
Jamesville, NY 13078
T: (315) 492.3000
E: dkcartwright@kslnlaw.com

# TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………………………… i

TABLE OF AUTHORITIES………………………………………………………………ii

PRELIMINARY STATEMENT………………………………………………………... 1

PROCEDURAL BACKGROUND……………………………………………………... 1

FACTUAL BACKGROUND…………………………………………………………... 1

LEGAL STANDARDS…………………………………………………………………. 6

ARGUMENT……………………………………………………………………………. 6

      POINT I:  PLAINTIFF HAS FAILED TO ESTABLISH THAT DEFENDANT IS LIABLE FOR COPYRIGHT INFRINGEMENT……... 6

      POINT II: PLAINTIFF'S CLAIMS AGAINST DEFENDANT CONSTITUTE COPYRIGHT TROLLING……………………………… 11

      POINT III: PLAINTIFF'S ACKNOWLEDGEMENT OF DEFENDANT'S INNOCENT CONDUCT IS GROUNDS FOR DISMISSING CLAIMS OF TREBLE DAMAGES……………………… 12

CONCLUSION………………………………………………………………………… 13

# TABLE OF AUTHORITIES

*Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1097 (7th Cir. 2017)................. 8

*Beom Su Lee v. Karaoke City*, 2020 U.S. Dist. LEXIS 157834, at *25 (S.D.N.Y. Aug. 31, 2020)............................................................................................................................. 12

*Bristol v. Town of Camden*, No. 6:22-CV-845 (TJM/ML), 2023 U.S. Dist. LEXIS 68080, at *19 (N.D.N.Y. Apr. 19, 2023)............................................................................... 6

*Feist Publ'ns, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991).......................................................................................... 7

*Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir. 1997)........................................ 7

*Hamil Am., Inc. v. GFI, Inc.*, 193 F.3d 92, 99 (2d Cir. 1999).................................... 7

*Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005)......................................................................................................................... 12

*Mywebgrocer, Inc. v. Adlife Mktg. & Communs. Co.*, 383 F. Supp. 3d 307, 309 n.1 (D. Vt. 2019)....................................................................................................................... 8

*Prepared Foods*, No. 1:22-cv-07953-ER, 2023 U.S. Dist. LEXIS 68835, at *9.............. 12

*Prepared Food Photos, Inc. v. Trip Rest. LLC*, 2023 U.S. Dist. LEXIS 68835, at *7 (S.D.N.Y. Apr. 14, 2023).............................................................................................. 7, 8

*Sands v. CBS Interactive Inc.*, No. 18-cv-7345 (JSR), 2019 U.S. Dist. LEXIS 46260, at *14-15 (S.D.N.Y. Mar. 13, 2019)............................................................................... 12

*Sheldon Abend Revocable Tr. v. Spielberg*, 748 F. Supp. 2d 200, 203 (S.D.N.Y. 2010).... 7

*Smith v. Weinstein*, 578 F. Supp. 1297, 1302 (S.D.N.Y. 1984)................................... 8

*Sohm v. McGraw-Hill Glob. Educ. Holdings*, LLC, No. 16cv4255, 2016 U.S. Dist. LEXIS 126836, at *4 (S.D.N.Y. Sep. 16, 2016)............................................................. 7

*Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 110 (2d Cir. 2001)......................... 7

**Statutes:**

Federal Rule of Civil Procedure 12(b)(6)...................................................................... 1, 13
17 U.S.C. § 106A(a)........................................................................................................ 7
17 U.S.C. §§ 106-122.................................................................................................... 7
17 U.S.C. § 410(c)........................................................................................................ 7
17 U.S.C. § 411(a)........................................................................................................ 7
17 U.S.C. § 501............................................................................................................ 6
17 U.S.C. § 501(a)........................................................................................................ 7

## PRELIMINARY STATEMENT

Defendant, PARK PLACE RESTAURANT, LLC d/b/a PARK PLACE SPORTS BAR & GRILL ("Defendant"), by and through its attorneys, Kenney Shelton Liptak Nowak LLP, respectfully submit this memorandum of law in support of its motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint (dkt. #1) filed by plaintiff, PREPARED FOOD PHOTOS, INC., f/k/a ADLIFE MARKETING & COMMUNICATIONS, CO., INC. ("Plaintiff"), for failure to state a claim upon which relief can be granted.

## OVERVIEW OF ACTION

### A. Procedural Background

On February 8, 2023, Plaintiff commenced this action through the filing of a Complaint. Dkt. #1. In lieu of an answer, Defendant has elected to file this FRCP Rule 12(b)(6) motion to dismiss.

### B. Factual Background

Although Defendant would deny or dispute the material allegations in this action, as required at this stage of litigation, it accepts as true all well pleaded factual allegations and reasonable inferences in the complaint. *See* dkt. #1.

As alleged, Plaintiff in 2005 created a photograph titled "ChickenTender004" (the "Work"). *Id.* at ¶11. A copy of the Work is exhibited below:



*Id.*

The Work was registered by Plaintiff with the Register of Copyrights on September 20, 2016, and was assigned Registration No. VA 2-017-741. *Id.* at ¶12. Plaintiff alleged it is the owner of the Work and has remained the owner at all times material hereto. *Id.* at ¶13.

On a date after Plaintiff's above-referenced copyright registration of the Work, Defendant allegedly published the Work on its website (at http://parkplacenorwich.com/wingsmenu.html):



*Id.* at ¶16.

Plaintiff claimed that Defendant is not and has never been licensed to use or display the Work. *Id.* at ¶18. Plaintiff also claimed that Defendant never contacted it to seek permission to use the Work in connection with Defendant's website, social media, or for any other purpose. *Id.* Plaintiff further claimed that Defendant utilized the Work for commercial use – namely, in connection with the marketing of Defendant's business. *Id.* at ¶19.

Finally, Plaintiff claimed that, upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use. *Id.* at ¶20. Plaintiff claimed that through its ongoing diligent efforts to identify unauthorized use of its photographs, it discovered Defendants' unauthorized use/display of the Work on February 28, 2020. *Id.* at ¶21.

A Google reverse image search reveals the expansive use of the photograph in question. Specifically, the following URL displays the seemingly endless number of websites that appear to be using the photograph in question:

https://lens.google.com/search?p=ATHekxcH6GZu7IV7mIB278SQXA3z7MTxKDH1HeudYxT6H4B0yrIhAY1Qx4jIo09tK2wG14nH41Cp6Pg0zcSQWk7c5-1aRfZHxUBNv4smbn46Eukabsv3bI3UH-QFwM5LMR_YNlc-Evu6PEAkXJ4Cho4ulwZvam4sk-tj9yuCvDZWPSSmFGhworP0m_2sq_Vhumu-a-xIn07rYsp6dMLhpoEQ-lHG2PJSNrMxSF_tcosY1OzMvhMCwaMuWZ79M90HTmULj_inoWBgLGSpzmdyTvgkpqFLS-tyAbiSVvJOCwU%3D&ep=gsbubb&hl=en&re=df#lns=W251bGwsbnVsbCxudWxsLG51bGwsbnVsbCxudWxsLG51bGwsIkVrY0tKR1l3Wmpsak11qazFMVGMyWlRVdE5HRXlOQzFpTXpaaaUxUZzVNRGs1TVddVMk1ESXlNaElmWTNwdVlxaFlUbXsxVmMMwRmhRM1F0Vldo aFp6WlBlVWgwWW11a01qp3PT0iLG51bGwsbnVsbCxudWxsLDEsbnVsCxbbnVsCxudWxsLG51bGwsbnVsCwxMixbXV0sbnVsbF0=.

For example:

- it appears that six (6) years ago, the photograph was displayed on a SoundCloud page as part of a user's "Chicken Tendies Rap". *See* https://soundcloud.com/shiz7/chicken-tendies;

- A Bronx-area restaurant called Los Amigos Restaurant & Catering Company is currently displaying the image on a website through either Trip Advisor or GrubHub: https://www.tripadvisor.co.nz/LocationPhotoDirectLink-g47369-d15169409-i385755726-Los_Amigos_Restaurant_Catering_Company-Bronx_New_York.html;

Page 4

- Michigan-based company, National Food Group, displays the image on their website: https://www.nationalfoodgroup.com/products/chicken/chicken-tenders-breaded

- Bubba's Roadhouse Restaurant, **located near Plaintiff attorney's office in Cape Coral, FL**, displays the image on its website: https://www.restaurantcateringsystems.com/bubbasroadhouserestaurant/?form=category&cid=-1

- Maine-based Nealley's Corner Store displays the image on its Groupon page: https://www.groupon.com/deals/nealley-s-corner-store;

- Buzzfeed displayed the image in an article (and curiously, attributes its use to a company called "ThinkStock"): https://www.buzzfeed.com/sheridanwatson/good-luck-tbh;

- Worcester, MA-based "Midnight Munchies" displays the image on its Seamless website: https://www.seamless.com/menu/midnight-munchies-50-southwest-cutoff-worcester/3123869;

- A Youtube user displayed the image on its page for their song "Gimme Gimme Chicken Tendies": https://www.youtube.com/watch?v=tMV11AggM_I;

- The Windsor Spitfires of the Ontario Hockey League display the image on its website: https://cdn.ontariohockeyleague.com/uploads/windsor_spitfires/2019/07/22204716/Spitfires-Suite-Menu-2022.pdf;

- Facebook user "Dori Pollo" displayed the image as their cover photo on June 7, 2016: https://www.facebook.com/doripollo.food/;

- McKinnons Markets displays the image on page 2 of its weekly flyer for the week of May 5-11, 2023 (**i.e., the week this motion was drafted and filed**): https://www.mckinnonsmarkets.com/weekly-flyer/;

- A Youtube user displayed the image as part of a "How to Draw: Chicken Tenders" tutorial: https://www.youtube.com/watch?v=02kfISOvyoQ;

- Gyro King in Eau Claire, WI, displays the image on its website: https://247-pizza-gyro-cafe-sandwiches.business.site/.

None of the aforementioned websites appear to indicate that the photograph was used pursuant to Plaintiff's grant of permission, that it was a copyrighted photograph, or that there was any other legal impediment restricting its use.

## LEGAL STANDARD

Your Honor recently articulated the legal standard governing motions to dismiss for failure to state a claim in *Bristol v. Town of Camden*, No. 6:22-CV-845 (TJM/ML), 2023 U.S. Dist. LEXIS 68080, at *19 (N.D.N.Y. Apr. 19, 2023), and, for the sake of brevity, will not be repeated here.

For reasons set forth herein, Defendant respectfully submits that Plaintiff failed to state a claim.

## ARGUMENT

### POINT I

**PLAINTIFF HAS FAILED TO ESTABLISH THAT DEFENDANT IS LIABLE FOR COPYRIGHT INFRINGEMENT.**

Plaintiff in its complaint alleges Defendant's liability for infringement of a copyrighted work in violation of the Copyright Act, 17 U.S.C. § 501.

As articulated by the Southern District of New York in *Prepared Food Photos, Inc. v. Trip Rest. LLC*, 2023 U.S. Dist. LEXIS 68835, at *7 (S.D.N.Y. Apr. 14, 2023):

> The Copyright Act, 17 U.S.C. § 501(a), provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)]... is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). "For a plaintiff to prevail in a copyright infringement case, 'two elements must be proved: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" Sheldon Abend Revocable Tr. v. Spielberg, 748 F. Supp. 2d 200, 203 (S.D.N.Y. 2010) (quoting Feist Publ'ns, Inc. v. Rural Telephone Service Co., 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991).
>
> With respect to the first element, a certificate of registration "constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). "Proffering a copyright registration 'shifts... the burden of proving the invalidity of the copyright' to the defendant." Sohm v. McGraw-Hill Glob. Educ. Holdings, LLC, No. 16cv4255, 2016 U.S. Dist. LEXIS 126836, at *4 (S.D.N.Y. Sep. 16, 2016) (quoting Fonar Corp. v. Domenick, 105 F.3d 99, 104 (2d Cir. 1997)). Here, Plaintiff registered the Work pursuant to 17 U.S.C. § 411(a) with the Register of Copyrights as set forth above. By virtue of its default, Defendant does not have any right to challenge Plaintiff's registration/ownership of a valid copyright. [*8] Defendant's default forecloses any challenge by Defendant as to Plaintiff's registration/ownership of a valid copyright, and therefore Plaintiff has satisfied the first element.
>
> To satisfy the second element of copyright infringement, "the copyright owner must demonstrate that (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 110 (2d Cir. 2001) (internal quotation marks omitted). A plaintiff may show actual copying through direct or indirect evidence. See Hamil Am., Inc. v. GFI, Inc., 193 F.3d 92, 99 (2d Cir. 1999). Copying may be proven indirectly by showing the "defendants had access to the copyrighted work and [that there are] similarities that are probative of copying between the works." Id. To meet the element of substantial similarity, a plaintiff must show that "an average lay observer would recognize the alleged

copy as having been appropriated from the copyrighted work." Smith v. Weinstein, 578 F. Supp. 1297, 1302 (S.D.N.Y. 1984) (quotation omitted).

Here, at least at this stage, Defendant declines to address the first element as it appears from the complaint that Plaintiff followed the same protocol it did in *Prepared Food Photos, Inc. v. Trip Rest. LLC*, in meeting that pleading requirement.

However, based on a review of the "Wayback Machine" Internet archive URL that Plaintiff included in its complaint, *see* dkt. #1 at FN1, it appears Plaintiff has failed to establish a plausible claim under the second element.  Specifically, Plaintiff claimed that this URL showed that Defendant displayed the at issue image on May 10, 2021; however, clicking the URL in FN1 of the complaint (https://web.archive.org/web/20210510221505/http:/parkplacenorwich.com/wingsmenu.html) shows the following image:



Page **8**

A closer look at that photograph is as follows:



**<u>A comparison of the above photographs and the photograph that Plaintiff claims is copyright protected is not even the same picture at all</u>**. That picture – already shown above – appears in the complaint as follows:



Dkt. #1 at ¶11.

Page **9**

When clicking on subsequent dates for that Wayback Machine URL (e.g., June 23, 2021, July 28, 2021, September 27, 2021, December 1, 2021, May 26, 2022, and October 4, 2022), dkt. #1 at FN1, the same image is displayed. *Id.* And when clicking on that same URL for the date January 31, 2023, the following image is displayed:



*Id.*

Clearly, a review of these photographs from the Wayback Machine URL shows that Defendant's website did not display the alleged copyrighted work at issue, and therefore, cannot be a basis for establishing copyright infringement.

The only other proof Plaintiff provided in the complaint was an alleged screenshot of Plaintiff's website at the following URL: http://www.parkplacenorwich.com/wingsmenu.html. *See* dkt. #1 at ¶16. However, clicking that hyperlink leads to Defendant's website, which does not display the photograph in question.

Page **10**

Accordingly, given that Plaintiff's complaint fails to establish a copyright infringement through either actual copying of the photograph or through a substantial similarity of the alleged copyrighted photograph and the photographs Defendant used, the action should be dismissed.

## POINT II

### PLAINTIFF'S CLAIMS AGAINST DEFENDANT CONSTITUTE COPYRIGHT TROLLING.

"Copyright trolling refers to a practice of 'bringing strategic infringement claims of dubious merit in the hope of arranging prompt settlements with defendants who would prefer to pay modest or nuisance settlements rather than be tied up in expensive litigation.'" *Mywebgrocer, Inc. v. Adlife Mktg. & Communs. Co.*, 383 F. Supp. 3d 307, 309 n.1 (D. Vt. 2019) (*quoting Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1097 (7th Cir. 2017).

Here, that is exactly the case as Defendant, a bar/restaurant characterized in the complaint as a limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 7 East Park Place, Norwich, NY 13815, has been sued for Plaintiff itself speculates was an accidental use of a copyright-protected work based on an Internet search. *See* dkt. #1 at ¶¶2, 14, 20. Furthermore, the Google reverse image search reveals that the at issue photograph is widely available on the Internet as it appears on an endless list of various websites. **See Factual Background,** *supra*.

Accordingly, given that this action amounts to copyright trolling, it should be dismissed.

## POINT III

### PLAINTIFF'S ACKNOWLEDGEMENT OF DEFENDANT'S INNOCENT CONDUCT IS GROUNDS FOR DISMISSING CLAIMS OF TREBLE DAMAGES.

Alternatively, should Your Honor decline to dismiss the action in its entirety, dismissal of claims for statutory damages should be granted on grounds of Plaintiff's acknowledgment of Defendant's lack of willful conduct.

As articulated by the Southern District of New York in *Prepared Foods*, No. 1:22-cv-07953-ER, 2023 U.S. Dist. LEXIS 68835, at *9:

> "To prove willfulness, the plaintiff must either show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." Beom Su Lee v. Karaoke City, 2020 U.S. Dist. LEXIS 157834, at *25 (S.D.N.Y. Aug. 31, 2020) (citing Island Software & Comput. Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 263 (2d Cir. 2005)). "Where the plaintiff proves that 'the defendant recklessly disregarded the possibility that its conduct represented infringement,' the 'plaintiff is not required to show that the defendant had knowledge that its actions constituted an infringement.'" Sands v. CBS Interactive Inc., No. 18-cv-7345 (JSR), 2019 U.S. Dist. LEXIS 46260, at *14-15 (S.D.N.Y. Mar. 13, 2019).

Here, unlike *Prepared Foods*, the issue is not being decided through the lens of a default judgment (FRCP 55), but instead, by a participating defendant's filing of a dispositive, pre-answer motion to dismiss. On those grounds, the cases could not be more divergent. However, more to the point, the critical distinguishing feature is that here, Plaintiff candidly admitted that Defendant likely found the photograph at issue on the Internet and decided to use it without knowledge of any copyright protection. S*ee* dkt. #1 at ¶20. At minimum, this allegation establishes the lack of any willful conduct, therefore, should be grounds for dismissing any claims of statutory or treble damages.

Page **12**

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court issue an Order, pursuant to FRCP Rule 12(b)(6), dismissing Plaintiff's amended complaint in entirety, or alternatively, dismiss those claims that fail to set forth a claim, and for any such other appropriate relief it deems just and proper.

DATED: May 10, 2023　　　　　　　　　KENNEY SHELTON LIPTAK NOWAK LLP

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Daniel K. Cartwright, Esq.
　　　　　　　　　　　　　　　　　　　　Bar Roll No.: 701052